Friedman, J. (concurring).
It is undisputed that petitioner, a retired police lieutenant, responded to the World Trade Center site after the attacks of September 11, 2001. While petitioner’s application for accident disability retirement (ADR) benefits alleged that he suffered from a number of upper-respiratory and esophageal conditions included within the statutory definition of a “[qualifying World Trade Center condition” (Retirement and Social Security Law § 2 [36]), the application did not allege that he suffered from heavy metal poisoning, another qualifying World Trade Center condition. In the course of the administrative proceedings on his application, however, petitioner submitted for the Medical Board’s consideration his physicians’ opinions to the effect that he had high levels of aluminum and lead that are causally related to his undisputed cognitive and psychological deficits. In addition, petitioner established that he has received chelation therapy for this heavy metal poisoning. While the Medical Board claimed to have considered this evidence in its ultimate recommendation that petitioner not be upgraded to ADR status, the board did not identify any evidence contradicting the claim of heavy metal poisoning and did not address the evidence of heavy metal poisoning in concluding that the ADR application should be denied. Neither have respondents in this proceeding identified any evidence in the record contradicting petitioner’s contentions concerning heavy metal poisoning. Accordingly, on this record, it is undisputed that petitioner suffered from heavy metal poisoning and that this condition is causally related to his disabling deficits.
Section 13-252.1 (1) (a) of the Administrative Code of the City of New York provides in pertinent part:
“[I]f any condition or impairment of health is caused by a qualifying World Trade Center condition . . . , it shall be presumptive evidence that it was incurred in the performance and discharge of duty and the natural and proximate result of an accident not caused by such member’s own willful negligence, unless the contrary be proved by competent evidence.”
*234 Here, uncontroverted medical evidence shows that petitioner, a responder to the World Trade Center site, suffers from heavy metal poisoning. Although heavy metal poisoning was not mentioned in the ADR application, petitioner properly submitted evidence of the condition to the Medical Board as it became available to him, as the board recognized in considering such evidence (see Matter of Mulheren v Board of Trustees of Police Pension Fund, Art. II, 307 AD2d 129 [2003], lv denied 100 NY2d 515 [2003]). Since heavy metal poisoning is a qualifying World Trade Center condition under Retirement and Social Security Law § 2 (36), we are required by Administrative Code § 13-252.1 (1) (a) to presume that petitioner incurred the heavy metal poisoning in the course of discharging his duties at the World Trade Center site. The evidence showing that petitioner suffers from heavy metal poisoning, and that this condition is the cause of his disabling cognitive and psychological symptoms, is entirely uncontroverted, and, although acknowledged, was not substantively addressed in any of the Medical Board’s opinions. It follows that the Medical Board’s determination that petitioner’s disability is not service-related is lacking in a rational basis, since it has no basis in credible evidence. Accordingly, I concur in the reversal of the order appealed from and in the granting of the petition to annul the denial of ADR benefits.
Because I believe that the evidence of petitioner’s heavy metal poisoning is dispositive, I see no need to discuss whether the Medical Board could rationally conclude either that he did not suffer from the other qualifying World Trade Center conditions that he alleged or that those conditions, if they existed, were not the cause of his disability.
Andrias, J.P., Renwick and Richter, JJ., concur with Manzanet-Daniels, J.; Friedman, J., concurs in a separate opinion.
Order and judgment (one paper), Supreme Court, New York County, entered February 9, 2010, reversed, without costs, the petition reinstated and the matter remanded for further proceedings.